[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 4, 2008
THOMAS K. KAHN
CLERK

Nos. 08-11939 & 08-11940
Non-Argument Calendar

_____

D. C. Docket Nos. 07-00037-CR-HL-5
04-00103-CR-HL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH RODNEY MCCRARY,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Georgia

_____

**(December 4, 2008)**

Before BIRCH, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Kenneth Rodney McCrary appeals from his convictions for possession with

intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C), and

for violating probation. McCrary argues that the district court abused its discretion in admitting Rule 404(b) evidence during his trial. After careful review, we affirm.

We review admission of prior bad act evidence for abuse of discretion. United States v. Ellisor, 522 F.3d 1255, 1267 (11th Cir. 2008). Evidence of a prior bad act may be admitted only for purposes other than proof of bad character. Fed. R. Evid. 404(b). Prior bad act evidence is subject to a three-part test for admissibility: (1) the evidence must be relevant to an issue other than the defendant's character; (2) the probative value must not be substantially outweighed by its undue prejudice; and (3) the government must offer sufficient proof so that the jury could find the defendant committed the act. Ellisor, 522 F.3d at 1267. Similarity between the prior bad act and the charged conduct will make the other offense highly probative of the defendant's intent in the charged offense. United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005). Moreover, the risk of undue prejudice can be reduced by an appropriate limiting instruction. Id.

Here, the government introduced Rule 404(b) evidence -- consisting of cocaine and drug distribution paraphernalia that police officers found on McCrary in 2003 and that led to McCrary's prior guilty plea in 2006 -- to show McCrary's intent to sell cocaine in this case. As for the first prong of the admissibility test for prior bad act evidence, McCrary concedes that the Rule 404(b) evidence at issue

was relevant to an element of the charged offense -- namely, his intent to distribute cocaine. See Ellisor, 522 F.3d at 1267; see also United States v. Cruz-Valdez, 773 F.2d 1541, 1544 (11th Cir. 1985) (en banc) (providing that the elements of a § 841(a)(1) offense are (1) knowing or intentional (2) possession of a controlled substance (3) with intent to distribute that substance).

As for the second prong, McCrary argues that the unfair prejudicial effect of the prior bad act evidence outweighed its probative value because the government's case was so strong that there was no need to introduce the Rule 404(b) evidence. However, as we've said, similarity between the prior bad act and the charged conduct makes a prior offense highly probative. See Ramirez, 426 F.3d at 1354. Since McCrary previously pled guilty to possession of cocaine with intent to distribute, and now again was charged with the same offense, his prior conduct was similar to his instant offense and therefore highly probative. In addition, the district court gave a limiting jury instruction concerning McCrary's prior conduct, and this instruction served to lessen the unfair prejudicial effect of a piece of evidence. Id. For these reasons, the unfair prejudicial effect of the Rule 404(b) evidence did not substantially outweigh its probative value.

As for the final prong, McCrary argues that due to the inability of the crime lab's chemist to link the substance he tested for purposes of McCrary's prior

3

criminal proceeding to the substance that the investigator confiscated from McCrary in 2003, "there was insufficient evidence" to show that the substance that the investigator confiscated from McCrary in 2003 actually was cocaine. But this argument lacks merit because McCrary's prior plea based on this evidence permits a reasonable jury to find that he previously possessed cocaine with intent to distribute it, and thus, satisfies the final prong of the admissibility test.

Accordingly, the district court did not abuse its discretion in admitting this evidence.[1]

**AFFIRMED.**

---

[1] As for McCrary's argument that an investigator's testimony was unduly cumulative because a police officer already testified about McCrary's prior drug case, the district court sustained McCrary's objection and struck that testimony from the record. We also note that McCrary never actually makes an argument to us about why the district court's denial of his follow-up motion for a mistrial was erroneous. Therefore, McCrary has abandoned his argument on this issue. See United States v. Jernigan, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003).